# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**SAMUEL J. HARPER**                                                    **PLAINTIFF**

v.                                                  **CIVIL ACTION NO. 3:11CV-265P-H**

**JEFF TINDALL** *et al.*                                                **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

### I. INTRODUCTION

Plaintiff, Samuel J. Tindall, a pretrial detainee currently incarcerated at the Oldham County Jail, filed this 42 U.S.C. § 1983 action against Sergeant Jeff Tindall and Jailer Mike Simpson. Plaintiff sues Defendant Tindall in his individual capacity and Defendant Simpson in both his individual and official capacity. Plaintiff has also filed a motion for a preliminary injunction, a motion for a copy of the Federal Rules of Civil Procedure, a motion for an order compelling the Oldham County Jail to x-ray his shoulder, and a motion seeking production of certain medical records.

For the reasons set forth below, the Court will dismiss a portion of Plaintiff's claims for failure to state a claim upon which relief may be granted, deny Plaintiff's motion for a preliminary injunction, deny Plaintiff's motion for a copy of the Federal Rules of Civil Procedure, deny Plaintiff's motion for x-rays of his shoulder, and deny Plaintiff's motion for production of medical records as moot. The Court will enter a separate Scheduling Order to govern the development of the surviving claim.

### II. FACTS

Plaintiff alleges that Defendant Tindall has continuously harassed and abused him since his arrest on August 4, 2010. Plaintiff alleges that Defendant Tindall "first attempted to cause physical harm to befall me by placing me in a cell with all black federal inmates. He would

come in and say inflammatory things about me in front of everyone to make me look weak. I am a white, county inmate . . . I should not have been in such a high-risk situation as several times I was hit by these federal inmates and my property was stolen."

Plaintiff further alleges that on April 4, 2011, Defendant Tindall verbally threatened and physically harmed him. He explains that early in the day Defendant Tindall called him a "crackhead." Later, around 2:00 p.m., Defendant Tindall entered Plaintiff's cell, called his name, and then "slamm[ed] the cell door against [Plaintiff's] shoulder as [he] stepped out of the cell to the area behind the 'crash gate.'" Plaintiff alleges that Defendant Tindall then "repeatedly pointed his index finger in [his] face and loudly declared his authority to place [Plaintiff] in segregation."

Plaintiff alleges that his shoulder was bruised and painful after Defendant Tindall slammed the cell door on it. He states that he now has a "grinding sensation" in his shoulder; that it aches "after even limited movement"; and that he is currently taking pain medication for the discomfort. Plaintiff further alleges that because of the "perpetual harassment" by Defendant Tindall, his time in the jail has been "miserable and clouded with fear."

Plaintiff claims that he lodged several grievances about Defendant Tindall's conduct with Defendant Simpson. However, Plaintiff claims that Defendant Simpson ignored his pleas for assistance.

### III. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2

immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## IV. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*,

3

241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

A.  **Eighth Amendment Claims**

Plaintiff states that he is a pretrial detainee. The Eighth Amendment applies only to convicted inmates; it does not apply to pretrial detainees. *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992). Thus, the Court will dismiss Plaintiff's Eighth Amendment claims.

This does not mean, however, that Plaintiff cannot maintain a deliberate indifference/excessive force claim. The Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("It is clear . . . that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").

Accordingly, the Court must determine whether Plaintiff has stated cognizable Fourteenth Amendment claims against Defendants Simpson and Tindall.

B.  **Defendant Simpson**

1.  **Individual-capacity claims**

"Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

4

prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Thus, Defendant Simpson cannot be held liable based solely on his capacity as jailer. *See Curtis v. Curtis*, 37 F. App'x 141, 142 (6th Cir. 2002) (affirming district court's dismissal of individual-capacity claims against jailer based on his position of authority); *Bevins v. Keesee*, No. 90-5567, 1991 U.S. App. LEXIS 7364 at *3-4 (6th Cir. Apr. 10, 1991) ("Sheriff Keesee and County Jailer Stratton are entitled to judgment as a matter of law because Mr. Bevins' claim against them is based solely upon the doctrine of respondeat superior."); *Armer v. Marshall*, No. 5:09CV-P86-R, 2010 U.S. Dist. LEXIS 14999 at *4 (W.D. Ky. Feb. 22, 2010) ("Defendant Hazle's position as jailer does not automatically make him liable for the actions of his subordinates.").

Additionally, Plaintiff cannot predicate liability on Defendant Simpson's failure to respond to Plaintiff's grievances. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. Plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *Shehee v. Luttrell,* 199 F.3d at 300 (reversing denial of summary judgment to

5

prison officials whose only involvement was the denial of administrative remedies); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Accordingly, the Court will dismiss Plaintiff's individual-capacity claims against Defendant Simpson.

### 2. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978)). Therefore, Plaintiff's official-capacity claims against Defendant Simpson are treated the same as if brought directly against Oldham County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Under *Monell*, the Supreme Court held that a civil rights plaintiff suing a municipal entity under 42 U.S.C. § 1983 must show that his injury was caused by a municipal policy or custom. A county is considered a municipal entity for the purposes of § 1983. *L.A. Cnty. v. Humphries*, --U.S.--, 131 S. Ct. 447 (2010). A municipality may only be held liable for the actions of its employees and agents where its policies or customs have served to cause the constitutional deprivation. *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889-90 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation 'in order to establish the liability of a government body under § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694).

After closely reviewing Plaintiff's complaint and its supplement, the Court concludes that

Plaintiff's allegations are insufficient to show that there is a causal connection between Defendant Tindall's actions and any policy or custom endorsed or implemented by Oldham County. Indeed, the complaint indicates that Defendant Tindall acted out of some personal animus against Plaintiff. There is no language present that could even be construed as representing a "custom or policy."

Accordingly, the Court will dismiss Plaintiff's official-capacity claims against Defendant Simpson.

**B.     Defendant Tindall**

   **1.     Cell Placement**

Plaintiff alleges that Defendant Tindall violated his Fourteenth Amendment rights by placing him, a white county inmate, in a cell with all black federal inmates. Plaintiff previously brought an identical claim against Defendant Tindall that was dismissed for failure to state a claim. *See Harper v. Oldham County Jail et al.,* No. 3:10-CV-735-CRS, DN 36.

"[T]he doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quotation omitted). Because the doctrine of *res judicata* prohibits Plaintiff from relitigating the cell placement claim, the Court will dismiss it.

   **2.     Verbal Abuse**

Plaintiff alleges that Defendant Tindall has violated his Fourteenth Amendment rights by verbally abusing him on several different occasions. Although verbal abuse by prison officials is not condoned, the law is clear that even if the allegation of verbal abuse is true, verbal abuse by itself does not violate the Constitution. *See Johnson v. Dellatifa,* 357 F.3d 539, 546 (6th Cir.

2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). The Court is required to dismiss the allegations of non-physical harassment for failure to state a claim upon which relief can be granted.

### 3. Cell Door

Plaintiff alleges that Defendant Tindall violated his Fourteenth Amendment rights when he intentionally slammed a cell door on Plaintiff's shoulder. The Fourteenth Amendment protects pretrial detainees from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Based on Plaintiff's allegations, the Court will allow this claim to proceed for further development. The Court will enter a separate Scheduling Order to govern the development of this claim.

Accordingly, for the reasons set forth above, **IT IS ORDERED** that pursuant to 28 U.S.C. § 1915A(b)(1) the following claims are **DISMISSED for failure to state a claim upon which relief may be granted**: 1) all of Plaintiff's Eighth Amendment claims; 2) all of Plaintiff's individual and official capacity claims against Defendant Simpson; 3) Plaintiff's Fourteenth Amendment claim against Defendant Tindall related to his cell placement; and 4) Plaintiff's Fourteenth Amendment claim against Defendant Tindall related to the alleged verbal abuse.

### V. Motion for Injunctive Relief

Plaintiff is requesting the Court to enter a preliminary injunction barring Defendant Tindall from having any contact with Plaintiff. The grant or denial of a preliminary injunction or temporary restraining order is within the sound judicial discretion of the trial court. *Washington v. Reno*, 35 F.3d 1093, 1098 (6th Cir. 1994). The Sixth Circuit has articulated four factors which must be considered in exercising that discretion: (1) whether plaintiff has shown a strong or

substantial likelihood or probability of success on the merits; (2) whether plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *Mason Cnty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977); *Parker v. U.S. Dep't of Agric.*, 879 F.2d. 1362, 1367 (6th Cir. 1989).

Plaintiff has not shown that he will suffer irreparable injury if the requested order does not issue. Although Plaintiff fears that Defendant Tindall may harm him further, he has not shown that it is likely that future harm will result. *Fisher v. Goord*, 981 F.Supp. 140, 168 (W.D. N.Y. 1997) ( "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm."). Plaintiff's likelihood of success on his surviving claim is no greater than Defendant Tindall's likelihood of successfully defending the claim at this stage of the proceedings. Finally, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, No. 5:10-CV-379, 2010 U.S. Dist. LEXIS 126890 at *19 (E. D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for a preliminary injunction (DN 7) is **DENIED**.

## VI. REMAINING MOTIONS

Plaintiff has filed a motion asking the Court to provide him with a copy of the Federal Rules of Civil Procedure. The Rules are too voluminous to mail. Accordingly, Plaintiff's motion (DN 8) is **DENIED**. However, to assist Plaintiff in conducting this lawsuit, **the Clerk of**

9

**Court is DIRECTED to mail Plaintiff a copy of the Court's _Pro Se_ Prisoner Handbook:  A Simple Guide to Filing an Action While Incarcerated.**

Plaintiff is seeking an order from the Court compelling the Oldham County Jail to x-ray his shoulder.  Plaintiff has not sued any officials for inadequate medical care related to his shoulder.  Furthermore, Plaintiff's complaint indicates that he has received some treatment for his shoulder injury.  It is not appropriate for this Court to direct Plaintiff's medical providers in matters of medical judgment, such as ordering particular diagnostic tests.  Accordingly, Plaintiff's motion (DN 9) is **DENIED**.

Finally, Plaintiff is requesting the Court to "order the disclosure and production of the doctor examination records on my shoulder following the events of 4-4-11."  The Court's Scheduling Order requires Defendant to produce to Plaintiff, "all records or documentation which are relevant to the claim(s) set forth in the complaint."  This would necessarily include the medical records at issue.  Accordingly, Plaintiff's motion (DN 10) is **DENIED as moot**.

Date:

cc: Plaintiff, _pro se_
 Defendants
 Oldham County Attorney

4412.008